Eastern Dis'ct
A*pril*, 1827.

BALFOUR
*vs.*
CHEW.

---

### *LACROIX vs. COQUET.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The only question in this cause is whether a woman can become surety for the debt of another

The second law of the twelfth title of the fifth Partida, expressly prohibits women from becoming responsible for the debts of others. The succeeding law makes some exceptions to this rule, but the case does not come within them.

It has been contended here that the provision of the Spanish law is repealed by the Civil Code.

It provides that "every person may contract, unless declared incapable by law."

Persons incapable of contracting are, slaves, minors, persons under interdiction, married

A woman cannot be surety. The provisions of the Spanish law prohibiting it are not repealed by the Civil code.

women in cases expressed by law, and generally all those to whom the law has interdicted certain contracts. *C. Code*, 204. *art.* 23 & 24

One of those to whom the law has interdicted certain contracts, are women who become sureties for another. Therefore, according to the affirmative and express terms of the article cited, the provision in the Partidas is preserved—not repealed.

Subsequent laws do not repeal former ones by containing different provisions; they must be contrary. But in the present case the new law is neither contrary, or different from the old.

Similar provisions in the Napoleon Code have been considered as repealing a prohibition of the same kind in their jurisprudence, but the legislature of France, in promulgating the Napoleon Code, passed a law that all the dispositions of the Roman law concerning the matters which formed the object of that code were repealed.

No doubt, therefore, that in France their code repealed the provisions of their former law on any subject of which the code treated. But our digest of the civil laws was enacted without any such legislative declaration, con-

sequently it is subject to the ordinary rules, which govern courts of justice in the construction of statutes.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; that the injunction granted in this case be made perpetual, and that the plaintiff pay costs in both courts.

*Denis* for the plaintiff, *Trabuc* for the defendant.